No. 21,191.

LEONARD OTT, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. SHIPPING CATTLE—*Delay in Transportation—Shipper Not Notified of Conditions—Damages*. In an action for damages for delay in transporting cattle, the court instructed the jury that if, when the cattle were tendered for shipment, the defendant knew of conditions likely to cause delay in transportation, and the shipper did not, the defendant should have informed the shipper of the conditions, in order to excuse liability for delay which the conditions occasioned. *Held*, the instruction stated the law, and was appropriate to the issues.

2. SAME—*Notice of Loss or Injury*. The contract of shipment required notice of loss or injury during transportation or at loading or unloading places on the carrier's road. *Held*, the contract was concluded with delivery, and notice of loss occurring after delivery was not necessary.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed January 12, 1918. Affirmed.

*William R. Smith, Owen J. Wood*, and *Alfred A. Scott*, all of Topeka, for the appellant.

*Samuel Griffin*, and *Seward I. Field*, both of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from delay in the transportation of live stock. The plaintiff recovered and the defendant appeals.

The plaintiff's claim was stated in a bill of particulars filed with a justice of the peace. The defendant filed no pleadings. In the district court delay in transportation was proved by the plaintiff and admitted by one of the defendant's chief witnesses. There was, in fact, no controversy over the subject, and the defendant merely undertook to excuse the delay. The excuse was, an act of God. The testimony was that an unprecedented flood destroyed the bridge by which the defendant reached the Kansas City stockyards, the destination of the cattle. Other railroad bridges in the vicinity were destroyed at the same time, so that several carriers were obliged to use a single track to make deliveries. This resulted in a congestion of traffic, causing unavoidable delay. Sometimes, depending on the number of cars detoured, a shipment would reach the stockyards without delay. The plaintiff testified that the defendant's bridge was washed away more than two weeks before he tendered his cattle for transportation, and that the defendant did not inform him of the resulting conditions.

The court instructed the jury that if, when the cattle were tendered for shipment, the defendant knew of conditions likely to cause delay in transportation, and the shipper did not, the defendant should have informed the shipper of the conditions, in order to excuse liability for delay which the conditions occasioned. The defendant complains of the instruction. It correctly stated the law (10 C. J. 290, § 412), and was appropriate to the issue raised by the testimony referred to.

The delay in transportation occasioned loss through shrinkage of the cattle before delivery at destination, and after delivery. Notice of loss was not given. The contract of shipment required notice of loss or injury during transportation or at loading or unloading places on the defendant's road. The court instructed the jury that no damages could be allowed for loss occurring before delivery, but that notice of loss after transportation ended was not necessary. The defendant complains of the latter part of the instruction. The instruction was based upon a proper interpretation of the contract, which concluded with delivery. Extra yardage and extra feed, necessary after transportation ended, belong in the same category with shrinkage of the cattle after transportation ended. Notice of loss of market was not required by the contract.

The jury returned some special findings of fact, which it is said are incompatible with the general verdict, are inconsistent with each other, and are not responsive to the issues. A careful scrutiny of the abstract fails to disclose that these questions were presented to the district court.

The judgment of the district court is affirmed.